## SUPREME COURT.

### THE PEOPLE agt. LEE.

Where there are three claimants to a tract of land by titles hostile to each other, one of whom is in possession, and separate actions are brought against him by the others, which are prosecuted to judgment and execution, and the plaintiff in the first action is put into possession by the sheriff, the court will, on his application, grant a perpetual stay of proceedings on the execution in the second action, as against him. He is entitled to retain the possession thus acquired, until in an action against him, a title superior to his is established.

*Cayuga Special Term, July* 1852. Motion by Jedediah H. Stark and wife to set aside the judgment and execution in this

action; and if that shall not be granted, that they be let in to defend, &c. upon the following facts: In January 1852, the moving parties commenced an action against the present defendant, to recover possession of about seventy-five acres of land, claiming in their complaint that the wife was the owner thereof in fee. The defendant answered the complaint; and by his answer controverted the title alleged therein, and set up title in himself. The action was tried in May 1852, when a verdict was rendered against the defendant, upon which a judgment was entered on the 8th of that month. A writ of possession was thereupon issued under which the defendant was turned out, and Mrs. Stark put in possession of the premises. This action was commenced the 9th of April 1852, to recover the possession of the same premises, and a judgment by default was entered therein against the defendant on the 31st of May, on which a writ of possession has been issued, and is now in the hands of the sheriff. It does not appear that the relation of landlord and tenant existed, or that there was any privity of estate between the defendant and Mrs. Stark, or the people; but it rather appears that the several claims were hostile to each other.

A. WORDEN, *for Stark and wife.*

S. C. HART, *for Plaintiffs.*

T. R. STRONG, Justice.—It would be manifestly unjust to allow Mrs. Stark to be turned out of the possession of the premises under the judgment in this action. Having brought her action in good faith, before the present action was commenced, and established her title as against the defendant, and been put in possession under the process of this court, she should be protected in her possession, as against the plaintiffs, until they establish a title superior to hers (Jones vs. Childs, 2 *Dana,* 25). The judgment in this action determines nothing as to her title(2 *R. S.* 309, § 36).

Under section 122 of the Code, the court might grant relief by directing that Mrs. Stark be made a party defendant in this action, and brought in by a proper amendment, but I think the court has the power, and that the more appropriate remedy in this case is, to order proceedings on the judgment and execution

perpetually stayed, as against Mrs. Stark and persons claiming under her, leaving the plaintiffs to commence a new action, if they think proper, against any person or persons in possession. Such an order is accordingly granted.